DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801  FAX (650) 345-1514
(707) 544-5500  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| In re: | Chapter 13 |
|---|---|
| JESPER and RONDA GAE LUNDBAEK<br>25 OAK KNOLL DRIVE<br>SAN ANSELMO, CA 94960-1118 | Case No: 15-3-0456 DM<br>Date:  August 19, 2015<br>Time:  01:10 PM<br>Ctrm:  235 PINE STREET, 22nd FLOOR<br>SAN FRANCISCO, CA 94101- |
| Debtor(s) | |

**MOTION OF CHAPTER 13 TRUSTEE, DAVID BURCHARD,
TO DISMISS CASE PRIOR TO CONFIRMATION**

TO: THE ABOVE-NAMED DEBTOR(S) AND TO DEBTOR(S)' ATTORNEY OF RECORD HEREIN:

The Chapter 13 Trustee, DAVID BURCHARD, moves the Court for an order, dismissing this case for cause(s) for the reasons set forth below.

1. This Court has jurisdiction over this matter pursuant to Federal Rules of Bankruptcy Procedure 9013 and 9014, and Bankruptcy Local Rules 9013-1 and 9014-1. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. This Motion is based upon all documents and records on file, together with this Motion, Declaration and any such additional documents, records and evidence which may be presented.

3. Debtor(s) filed for bankruptcy under Chapter 13 on 04/13/2015.

4. This motion for dismissal is made for cause pursuant to:

11 U.S.C. § 1307(c)(1) as there is unreasonable delay that is prejudicial to creditors.

5. The cause to dismiss this case exists as it is in the best interests of creditors and the bankruptcy estate. The Trustee therefore requests the Court enter an order dismissing this case.

If you wish to oppose dismissal of this Chapter 13 case, you or your attorney must file a timely opposition to this motion no later than fourteen (14) days before the hearing set forth in the accompanying Notice of Motion. You or your attorney must also appear at the hearing date listed in the notice and present argument in opposition to this motion.

DATED:  June 29, 2015              DAVID BURCHARD
                                   DAVID BURCHARD, Chapter 13 Trustee

DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801  FAX (650) 345-1514
(707) 544-5500  FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

JESPER and RONDA GAE LUNDBAEK
25 OAK KNOLL DRIVE
SAN ANSELMO, CA 94960-1118

Debtor(s)

Chapter 13
Case No:  15-3-0456 DM
Date:     August 19, 2015
Time:     01:10 PM
Ctrm:     235 PINE STREET, 22nd FLOOR
          SAN FRANCISCO, CA 94101-

## DECLARATION IN SUPPORT OF CHAPTER 13 TRUSTEE, DAVID BURCHARD'S, MOTION TO DISMISS CASE PRIOR TO CONFIRMATION AND CERTIFICATE OF MAILING

I am the custodian and/or keeper of the business records referenced herein and, as such, I am qualified to certify the authenticity thereof.  Additionally, I have personal knowledge of the matters stated in the Declaration.  If called upon as a witness, I could, and would, competently testify to the facts contained herein.

After reviewing the books, records and files of the above-referenced Debtor(s), I make the following Declarations:

1. Debtor(s) filed the instant bankruptcy petition on 04/13/2015.  There is unreasonable delay towards plan confirmation that is prejudicial to creditors.

2. As of the date hereof, the following fact(s) exists as cause for dismissal:

| | |
|---|---|
| _____ | Failure to make required payments to the Trustee. $ _____ is in default under Ch. 13 Plan. |
| _____ | Failure to attend Section 341 Meeting of Creditors scheduled on |
| X | Failure to respond to Trustee's requests – see attachment "A". |

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on June 29, 2015 in Foster City, California.

Dated:  June 29, 2015

DAVID BURCHARD
DAVID BURCHARD, Chapter 13 Trustee

# CERTIFICATE OF MAILING

I am over the age of 18 years and not a party to this action. I am employed by the Trustee whose business address is 1065 E. Hillsdale Blvd., Suite #200, Foster City, CA. On the date set forth below, I served a true and correct copy of the **Motion** of Chapter 13 Trustee, David Burchard, to Dismiss Case Prior to Confirmation, the **Declaration** in Support of Chapter 13 Trustee, David Burchard's Motion to Dismiss Case Prior to Confirmation and **Certificate of Mailing**, on the persons listed below by following our ordinary business practice for service, which is either deposited in the ordinary course of business with the U.S. Postal Service by first class mail or served by electronic transmission from the Court, if applicable. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

JESPER and RONDA GAE LUNDBAEK
25 OAK KNOLL DRIVE
SAN ANSELMO, CA 94960-1118

THOMAS PHILIP KELLY, III
LAW OFFICES OF THOMAS P. KELLY III
PO BOX 1405
SANTA ROSA, CA 95402

Dated: June 29, 2015

RGARCIA
RGARCIA
Case Administrator

DAVID BURCHARD
CHAPTER 13 TRUSTEE
P.O. BOX 8059
FOSTER CITY, CA 94404
(650) 345-7801 FAX (650) 345-1514
(707) 544-5500 FAX (707) 544-0475

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re:
    JESPER and RONDA GAE LUNDBAEK
    25 OAK KNOLL DRIVE
    SAN ANSELMO, CA 94960-1118

Case No.: 15-3-0456 DM
Chapter 13

ATTACHMENT "A"

Debtor(s)

The Trustee made the following requests <u>at least 30 days</u> prior to the filing date of the instant motion :

1. Trustee is in receipt of objection to confirmation of plan by creditor, Internal Revenue Service, filed May 26, 2015. Trustee requested that said objection to confirmation of plan be resolved prior to confirmation. Debtor has failed to resolve said objection.

2. Section 1.01(a) of debtor's plan fails to indicate the source of the plan payments. Trustee requested an amended plan which provides for the source of plan payments. Debtor has failed to file an amended plan.

3. Debtor has improperly deducted the Debtor's ordinary and necessary business expenses from Debtor's gross receipts on line 5 of Form B 22C1. Trustee requested an amended Form B 22C1 which includes ordinary and necessary business expenses in question 43 of Form B22C 2. Debtor has failed to file an amended Forms B 22C1 and B 22C2.

4. Trustee requested a copy of the debtor's real property appraisal as listed on Schedule A. Debtor has failed to provide the requested documentation.

5. Debtor has listed an interest in whole life insurance in Schedule B and has listed the value as $4,000.00. Trustee requested an explanation of how this value was arrived. Debtor has failed to provide the requested information.

6. Debtor's Chapter Thirteen Business Questionnaire lists a value of $50,000.00 - $70,000.00 for the business, while Schedule B fails to list said value. Trustee requested amended documents which accurately reflect the value of the Debtor's business. Debtor has failed to amend the appropriate documents for accuracy and consistency.

7. Schedule E lists student loans as a priority debt. This creditor and its debt appear to be general unsecured debt. Trustee requested amended documents which accurately reflect debtor's debts. Debtor has failed to amend the appropriate documents for accuracy and consistency.

8. Schedule I indicates that the Debtor is self-employed, however, the Debtor has not provided an attachment to Schedule I that itemized business income and expenses. Trustee requested an amended Schedule I with an attachment which itemizes business income and expenses. Debtor has failed to file an Amended Schedule I with the requested attachment.

9. Trustee is in receipt of Debtor's declaration that details Debtor's income for the six months prior to the bankruptcy, which indicates average monthly income of $20,010.51, while Debtor's Form B22C indicates average monthly income over the last six months of $17,430.00. Trustee requested amended documents which accurately reflect Debtor's monthly income. Debtor has failed to amend the appropriate documents for accuracy and consistency.

10. Debtor's Form B22C lists average monthly income over the last six months of $17,430.00. Trustee is in receipt of debtor's bank statements, which reflect average monthly deposits of $20,316.93. Trustee requested amended documents which accurately reflect Debtor's current income. Debtor has failed to amend the appropriate documents for accuracy and consistency.

11. The Statement of Financial Affairs indicates debtor own a business. Debtor's Petition page does not list this business name. Bankruptcy Rule 1005 provides that the caption of the petition must contain all names used by debtor within six years of the filing of the petition. Trustee requested an amended petition which lists all the names used by Debtor within the six years filing of the petition. Debtor has failed to amend this document.